OPINION
Christopher Ogletree has appealed his conviction in the Montgomery County Common Pleas Court of fleeing and eluding a police officer which caused a substantial risk of serious physical harm to persons and property in violation of R.C. 2921.331(B).
His appellate counsel has filed an Ander's brief stating he could find no arguable issue to pursue on appeal. Ogletree was given an opportunity to file his own brief but he has failed to do so.
Ogletree entered a guilty plea to the fleeing and eluding charge and a carrying concealed weapon charge, and possession of a weapon while being under a disability charge were nollied by the prosecuting attorney. We have examined the plea procedure and find that the trial court complied with Crim.R. 11 and Ogletree appeared to enter his plea voluntarily with full knowledge of the consequences of having done so.
The trial court sentenced Ogletree to a term of two years in prison for the fleeing and eluding offense. The following occurred at the sentencing:
 "THE COURT: And just so there's no misunderstanding, Mr. Ogletree, I'm not sentencing you today because you disappeared on us last time. I'm sentencing you based upon the nature of this offense; the facts of this offense; you have two prior felonies, June 3rd, 1999, possession of cocaine; September 2d 1999, possession of cocaine, resulting in a prison sentence which suggests to me you weren't able to perform on probation previously. Then what happened shortly after you were released from prison, you are arrested again and convicted of failure to comply with the lawful order of a police officer resulting in an accident that not only collides with another vehicle but with a building.
"So you endanger other people's lives.
 "Found in the glovebox is a 9 millimeter gun with live rounds of ammunition.
 "Mr. Ogletree, you have chosen to lead a criminal lifestyle. You have written another ticket to the institution.
 "Considering the seriousness and recidivism factors set forth in the Ohio Revised Code, based on all the circumstances and facts I just set forth on the record, you are not an appropriate candidate for community control sanctions. The Adult Probation Department's recommendation for prison is warranted.
 "It is the judgment and sentence of this Court that you be confined at the Corrections Reception Center for Men for a period of 2 years.
 "I will not approve placement in the intensive prison program. I will not approve the shock incarceration program."
Pursuant to 2929.12(A) "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
In this matter the trial court noted that Ogletree not only caused a substantial likelihood of injury to property by his actions, he actually caused an accident which resulted in damage to a vehicle and a building. See, R.C. 2929.12(B). The trial court also considered the factors in R.C. 2929.12(D) which indicate the offender is likely to commit future crimes, to wit, that Ogletree has a history of criminal convictions and has not responded favorably to sanctions previously imposed for criminal convictions. See, R.C. 2929.12(D)(2) and (3). The trial court appropriately considered the seriousness and recidivism factors of R.C.2929.12 and imposed a sentence well below the maximum five year sentence authorized by the statute. A trial court has broad discretion in imposing a sentence and a reviewing court will not interfere unless the trial court abused its discretion by disregarding the statutory criteria. Statev. Yontz (1984), 33 Ohio App.3d 342,343.
The judgment of the trial court will be Affirmed.
WOLFF, P.J., and YOUNG, J., concur.